STOCKHAUSER, Appellant,

v.

ARCHDIOCESE OF CINCINNATI, a.k.a. St. Peter's Catholic Church, Appellee.

[Cite as *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29.]

Court of Appeals of Ohio,
Montgomery County.

No. 14529.

Decided Sept. 9, 1994.

30

*Douglas A. Hess,* for appellant.

*Lawrence E. Barbiere,* for appellee.

BROGAN, Judge.

Appellant June C. Stockhauser appeals the decision of the Montgomery County Common Pleas Court sustaining a summary judgment motion against her.

In her sole assignment of error, Stockhauser alleges that the trial court erred in finding that the defect in the sidewalk which caused her to fall was insubstantial as a matter of law.

On June 23, 1991, Stockhauser attended a festival at St. Peter's Catholic Church ("St. Peter's"). The festival included both indoor and outdoor activities. While at the festival, Stockhauser and her friend went into the thrift shop located in the basement of the school building on the church premises. After shopping, they left the building through a side exit which leads to a sidewalk and then a parking lot. During the festival, the parking lot was closed to vehicular traffic and was being used as a pedestrian walkway between different areas of the festival.

As Stockhauser was stepping from the sidewalk onto the parking lot, she tripped on a raised portion of the curb and fell injuring her shoulder and knee. The parties have stipulated that the raised portion of the curb is approximately three-quarters of an inch to one inch higher than the surface of the adjoining sidewalk.

Stockhauser's view of the curb was not obstructed by lighting or weather, as the accident occurred on a clear day during broad daylight. At the time of the accident, Stockhauser noticed that there were several people walking on the sidewalk as well as people sitting on a portion of the curb. Stockhauser claims that as she stepped off the sidewalk, she consciously avoided the section of the curb where people were sitting, but could not say whether anything was obstructing her view of the curb as she was not looking down while she was walking. Also, Stockhauser stated that she was not fearful of being struck by a car as she stepped off the sidewalk as she was aware that the parking lot had been closed to traffic.

On June 2, 1993, Stockhauser filed a complaint alleging that St. Peter's had been negligent in designing, constructing and maintaining its public walkways, in

failing to warn of the condition of the walkways and in failing to inspect the walkways. After discovery, St. Peter's filed a motion for summary judgment on December 3, 1993. Stockhauser filed a memorandum in opposition to the motion and St. Peter's filed a reply memorandum.

The trial court granted St. Peter's summary judgment motion on March 17, 1994, finding that the defective condition of the sidewalk was insubstantial as a matter of law. Stockhauser then filed this timely appeal.

Stockhauser raises the following assignment of error on appeal:

"The trial court erred in granting summary judgment against plaintiff in that reasonable minds could differ regarding the significance of the defective condition alleged and the presence of attendant circumstances which would create a greater risk of injury."

Summary judgment is properly granted where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The evidence must be construed most strongly in favor of the party against whom the motion is being made. *Id.* at 66, 8 O.O.3d at 74, 375 N.E.2d at 47; Civ.R. 56(C).

In her sole assignment of error, Stockhauser claims that the trial court erred in granting summary judgment in that reasonable minds could differ on whether sufficient attendant circumstances existed so as to create a substantial defect allowing the question of negligence to be submitted to the jury. Specifically, appellant argues that the attendant circumstances of the crowded pedestrian walkway and the persons sitting on the curb are sufficient to render the defect in the sidewalk substantial.

Generally, owners of premises owe a duty to invitees to exercise ordinary and reasonable care, including maintaining the premises in a reasonably safe condition and warning invitees of latent defects of which the owner should have knowledge. *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453. However, municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708; *Gallagher v. Toledo* (1959), 168 Ohio St. 508, 7 O.O.2d 364, 156 N.E.2d 466; *Kindle v. Akron* (1959), 169 Ohio St. 373, 8 O.O.2d 408, 159 N.E.2d 764; *Helms v. Am. Legion, Inc.* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734.

Courts developed the rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and thus does not present a jury question on the issue of negligence. In *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275, the court clarified the "two-inch" rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. *Id.* Thus, *Cash* established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial. *Id.; Turner v. Burndale Gardens Co.* (Dec. 18, 1991), Montgomery App. No. 12807, unreported, 1991 WL 270662.

It is undisputed in this case that the raised portion of the curb over which Stockhauser tripped was less than two inches in height. Thus, the two-inch rule is clearly applicable to this case and establishes a presumption that the defect in the sidewalk was insubstantial. However, Stockhauser argues that attendant circumstances were present creating a substantial risk of injury and thus a substantial defect.

What constitutes attendant circumstances such as to create a substantial defect from a minor height variation has not been clearly defined. In a recent decision, we addressed the difficulty of establishing a precise definition for attendant circumstances:

"What may be an attendant circumstance such as to contribute to make a minor defect a dangerous condition defies precise definition. A list of such circumstances would be incomplete and probably would be supplemented by the next case. It would include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. All the circumstances—good or bad must be considered. Whether a single circumstance is sufficient is a narrower situation. It too must be considered for its likely effect, if any." *France v. Parliament Park Townhomes* (Apr. 27, 1994), Montgomery App. No. 14264, unreported, 1994 WL 151658.

To render a minor defect substantial, attendant circumstances must not only be present, but must create "a greater than normal, and hence substantial, risk of injury." *Turner, supra.* The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. *France* and *Turner, supra;* see, also, *Thompson v. Kroger Co.* (June 9, 1992), Montgomery App. No. 13248, unreported, 1992 WL 127708; *Luehrs v. Eichelberger* (Dec. 29, 1989), Montgomery App. No.

11628, unreported, 1989 WL 159177; *Link v. Federated Dept. Stores, Inc.* (Nov. 8, 1984), Montgomery App. No. 8794, unreported, 1984 WL 4102. Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect.

Appellant argues that this case is similar to both *Cash* and *Thompson*, in which the attendant circumstances surrounding the defective walkways allowed the question of liability to be submitted to the jury. The minor defects in those cases were made substantial due to the attendant circumstances present.

In *Cash*, the Supreme Court held that sufficient attendant circumstances existed when a pedestrian fell in a crosswalk due to a one-and-one-half inch depression made by excavation work. In finding the defect substantial, the court focused on the heavy vehicular and pedestrian traffic at the intersection and the fact that the hole was not natural, but man-made. *Cash, supra.*

Similarly, in *Thompson*, we held that attendant circumstances sufficient to create a jury question were present when a plaintiff tripped at the bottom of an exit ramp from a grocery store. The plaintiff was watching for vehicular traffic in the parking lot, and was carrying grocery bags which impaired his view of the defect at the time of the accident. Additionally, the lighting in the parking lot was poor. We held that these attendant circumstances, taken together, were sufficient to create a substantial defect. *Thompson, supra.*

In this case, Stockhauser alleges two attendant circumstances: the crowded sidewalk and persons sitting on the curb. Although these are both clearly attendant circumstances, we are not persuaded that they contributed to the risk of the defect to the extent of those present in *Cash* or *Thompson*, and find those cases to be distinguishable.

In both *Cash* and *Thompson*, the plaintiffs were distracted from where they were stepping because they were watching for vehicular traffic and were thus concerned for their own safety. There were additional circumstances present in each case which also obstructed the respective plaintiffs' views such as poor lighting, heavy pedestrian traffic or carrying grocery bags. Also, the minor height variations were not at the edge of a sidewalk, which are commonly encountered, but in a crosswalk or at the bottom of an exit ramp. Further, there were no significant attendant circumstances present decreasing the risk of the defect that outweighed the attendant circumstances increasing the risk of the defect.

We find the facts present in this case to be closer to those in *Turner* and *France*. In each of those cases, attendant circumstances which increased the risk of the defect were present. However, upon considering all of the circumstances

surrounding the defects in their entirety, we held that substantial defects did not exist and, thus, summary judgment for the respective defendants was proper.

In *Turner*, a small boy tripped over a height variation on the edge of a step. Although the plaintiff was a young child and the defect was located at the top of a stairway which was the sole entrance and exit to the building, we held that these circumstances were not sufficient to make the defect substantial. We found persuasive other circumstances surrounding the defect, including that the defect was clearly visible and was caused by natural deterioration. Further, the plaintiff could have anticipated the defect because he had notice of its existence.

We recently revisited the issue of attendant circumstances in *France*. The plaintiff in *France* was severely injured when he tripped over a crack in the sidewalk and fell as he was entering an apartment building. The plaintiff argued that because he was elderly, because he was carrying two telephone books at the time of the accident, and because there were shadows across the sidewalk, sufficient attendant circumstances existed to make the defect in the sidewalk substantial. However, we held that the attendant circumstances present were insufficient to present a question for the jury. Considering the totality of the circumstances, including that the sidewalk was clear and not covered by any foreign article or substance, we found that reasonable minds could not differ as to whether a substantial defect existed.

In the present case, Stockhauser argues that her view of the defect may have been obstructed by persons sitting on the curb. However, she clearly testified that, in stepping off the curb, she made a conscious effort to avoid the persons. Thus, her view could not have been obstructed.

Stockhauser further argues that the presence of other persons on the sidewalk is an attendant circumstance creating a substantial risk of injury. While this factor is clearly an attendant circumstance, in light of other surrounding circumstances, we decline to find that the mere presence of other pedestrians on the walkway is sufficient to create a substantial defect in this case. Stockhauser testified that she did not know if these other festival patrons obstructed her view because she was not looking down as she was walking. Further, Stockhauser could have reasonably anticipated the presence of other festival patrons on the sidewalk.

We must also consider any attendant circumstances present which would reduce the risk of the defect. See *Turner* and *France supra*. The accident occurred on a bright, clear day. Further, Stockhauser testified that she was not concerned about vehicular traffic in the parking lot as she was aware that the lot had been closed. Stockhauser does not claim that noise, music or other activities from the festival distracted her attention from walking in any way. Looking to

**36**

the totality of the circumstances, reasonable minds could not differ as to whether the attendant circumstances present created a substantial defect.

Accordingly, we overrule Stockhauser's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

FREDERICK N. YOUNG, J., concurs.

FAIN, J., concurs in judgment only.

FAIN, Judge, concurring in the judgment.

I write separately in order to note my view that the issue of whether the presumption of triviality accorded a defect of less than two inches in height has been overcome depends upon the general circumstances prevailing at the site of the defect, not the particular circumstances that have led to the plaintiff's injury. *Thompson v. Kroger Co.* (June 9, 1992), Montgomery App. No. 13248, unreported, 1992 WL 127708. This is because the owner or manager of the premises cannot be expected to take into consideration the particular circumstances at the time of the plaintiff's injury in deciding whether an otherwise trivial defect ought to be repaired.

In the case before us, I am satisfied that the attendant circumstances generally prevailing at the site of the alleged defect were not sufficient to overcome the presumption of triviality. In this case, as compared with *Thompson v. Kroger, supra,* there was less likelihood that a pedestrian would be concerned with vehicular traffic at the site of the defect, and less likelihood that the pedestrian would be encumbered with grocery bags or a grocery cart that would obscure the pedestrian's view of the ground in front of him or her.

I join in affirming the summary judgment rendered in favor of defendant-appellee, the Archdiocese of Cincinnati.