DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Luis A. Rios has appealed from an order of the Lorain County Common Pleas Court that granted summary judgment to defendants Robert and Barbara Shauck. He has argued that the trial court incorrectly applied the "two-inch rule" to find that a defect on an interior staircase landing on rental property was not unreasonably unsafe as a matter of law. This Court affirms the judgment of the trial court because the defect on the staircase landing was open and obvious in that plaintiff had actual knowledge of its existence.
 I.
On December 31, 1994, plaintiff tripped on a bulge in a carpet that covered a staircase landing on defendants' property, fracturing his foot. At the time, plaintiff was living with a tenant who rented one of four units at that residential property. Apparently, another tenant had dropped a refrigerator on the landing, making a hole. That tenant covered the hole with a board, then placed the carpet over the entire area. The board was approximately 3/4" thick and raised the carpet by at least that height.
On July 12, 1996, plaintiff filed a complaint against defendants in the Lorain County Common Pleas Court. On February 14, 1997, defendants moved for summary judgment. Plaintiff responded, and, on March 25, 1997, the trial court granted summary judgment to defendants. Specifically, the trial court determined that plaintiff had actual knowledge of the condition. Furthermore, it determined that the carpet bulge was about one inch and that there were no attendant circumstances that made the bulge unreasonably unsafe. Consequently, defendants were not responsible for plaintiff's injuries. Plaintiff timely appealed to this Court.
 II.
Plaintiff's assignment of error is that the trial court incorrectly applied the two-inch rule to an interior defect in a common staircase landing of a residential rental premises. Both plaintiff and defendants have confined their briefs to discussions of the "two-inch rule." That rule, as developed by the Ohio Supreme Court, is that a difference in elevation in a sidewalk or walkway of less than two inches is considered insubstantial as a matter of law and, therefore, does not present a question for a jury, unless attendant circumstances exist that render the defect substantial. See, e.g., Kimball v. Cincinnati (1953), 160 Ohio St. 370,Cash v. Cincinnati (1981), 66 Ohio St.2d 319, andStockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,33. Plaintiff has argued that the two-inch rule "evolved in the context of exterior conditions" and should not have been applied to this case, when his injuries were caused by an interior defect on rental property. This Court, however, need not decide the applicability of the two-inch rule to this case.
Plaintiff has premised his argument on a theory that, as a social guest of a tenant, he was entitled to the protections of the Ohio Landlord-Tenant Act, particularly Section 5321.04 of the Ohio Revised Code. See Shump v. First Continental-RobinwoodAssoc. (1994), 71 Ohio St.3d 414, syllabus. Plaintiff, however, was injured in a common area, namely, the staircase landing leading to the upstairs apartments. This Court, in distinguishingShump, has held that a social guest, injured in an area not in the exclusive control of the tenant, is owed a duty of care by the landlord no higher than that owed to a licensee. See Sanders v.Bellevue Manor Apts. (Jan. 3, 1996), Lorain App. No. 95CA006067, unreported, 1996 Ohio App. LEXIS 3, at *6-7. But see McCool v.Hillbrook Apts. (Aug. 23, 1995), Mahoning App. No. 93CA200, unreported, 1995 Ohio App. LEXIS 3538, at *4-5 (holding that a social guest of a tenant is an invitee). Consequently, plaintiff, as a social guest of the woman with whom he was living, was not protected by Section 5321.04 of the Ohio Revised Code while on the staircase landing, and the decision in Shump had no impact on the duty of care owed plaintiff. See Sanders, 1996 Ohio App. LEXIS 3, at *6-7.
Instead, defendants owed plaintiff only the common law duty of care applicable to licensees or, at most, the duty owed to invitees. The duty owed to a licensee is to refrain from wantonly or wilfully causing injury, while the duty owed to an invitee is one of ordinary care. See Provencher v. Ohio Dept. of Transp.
(1990), 49 Ohio St.3d 265, 266. In this case, whether plaintiff was a licensee or an invitee, defendants did not breach the duty of care that they owed him. A landlord owes no duty to warn a tenant's social guest of known dangers in common areas. SeeSanders, 1996 Ohio App. LEXIS 3, at *7-8; Stoner v. Wendy'sOld-Fashioned Hamburgers (Apr. 20, 1994), Summit App. No. 16316, unreported, 1994 Ohio App. LEXIS 1744, at *3-4.
In his deposition, plaintiff admitted that he knew about the hole in the floor and the board placed over the hole, which caused the carpet to bulge:
 Q. Okay. Was this the first time that you had noticed that there was something underneath that carpet?
A. No.
Q. When had you noticed it before?
 A. Well, the neighbor upstairs * * * we had talked about it before, because it was, you could as soon as you would step on it, you would feel how the board was, you know, that there was something there.
Q. Okay.
 A. And I guess, you know, that we all knew it was there.
 Q. Okay. So before this incident happened you knew that there was something that you would step on that was a difference in height?
A. Yes, yes.
Plaintiff knew that the carpet on the staircase landing was uneven. In the face of such knowledge, he continued to use the staircase, apparently without any caution on his part to descend slowly or to watch his footing as he walked. Consequently, defendants were not liable for his injuries. Plaintiff's assignment of error is overruled.
 III.
Plaintiff's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR