This is an accelerated appeal taken from a final judgment of the Girard Municipal Court. Appellants, Debra J. Hudak and Robert B. Hudak, appeal from the trial court's grant of summary judgment on behalf of appellees, 510 Gypsy Lane, Inc. and Harold Segall, in a trip and fall negligence action.
The incident giving rise to this case took place on March 19, 1991. Appellees were the owners of a parcel of land located at 510 Gypsy Lane in Liberty Township, Ohio. At that time, there was a medical office building located on the property.
Debra Hudak ("Hudak") was five months pregnant, and she was at 510 Gypsy Lane in order to see her gynecologist who had an office in the building. Following her appointment, Hudak left via the building's main entrance. A concrete sidewalk ran from this entrance to a parking lot located in front of the building. As Hudak walked along the sidewalk, she tripped over a rise between adjacent sections of the sidewalk that measured approximately one inch in height. Hudak fell forward and landed on her knees, hands, and abdomen. She sustained scrapes and bruises as a result of the trip and fall.
Thereafter, on March 31, 1992, Hudak and her husband filed suit against appellees on the basis of premises liability. The complaint alleged that Hudak was injured as a proximate result of appellees' negligence in maintaining the sidewalk. Appellees filed an answer in which they denied any negligence.
Following time for discovery, appellees submitted a motion for summary judgment pursuant to Civ.R. 56(C). As grounds for the motion, they asserted that the one-inch height differential between the sections of the sidewalk was insubstantial and did not constitute an unreasonably dangerous condition as a matter of law.
The trial court granted appellees' motion for summary judgment. Instead of issuing a judgment entry, however, the trial court simply made a notation on the civil docket sheet that the motion had been "sustained." Appellants attempted to appeal this order. On appeal, this court observed that the purported judgment failed to comply with the requirements of Civ.R. 54 and 58. Consequently, on August 23, 1993, we dismissed the appeal sua sponte for lack of a final appealable order.
For some inexplicable reason, appellants waited almost five years before requesting that the trial court issue a valid judgment entry that could be appealed. After the matter was finally brought to its attention, the trial court issued an entry on June 24, 1998 granting appellees' motion for summary judgment.
From this judgment, appellants timely appealed again to this court. They assert the following assignment of error:
 "The trial court [erred] in granting defendant/s appellee's [sic] motion for summary judgment by finding that the sidewalk imperfection or [sic] which caused plaintiff's fall was unsubstantial as a matter of law based upon height measurement alone."
The standard for addressing a motion for summary judgment is set forth in Civ. R. 56(C). In order to prevail, the moving party must establish that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmovant. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268; Davis v. Loopco Industries, Inc. (1993),66 Ohio St.3d 64, 65-66.
If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. If the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Civ.R. 56(E). An appellate court applies a de novo standard of review when determining whether a trial court properly granted summary judgment. Burkholder v. Straughn (June 26, 1998), Trumbull App. No. 97-T-0146, unreported, at 6, 1998 Ohio App. LEXIS 2895.
In their sole assignment of error, appellants maintain that the trial court erred in granting summary judgment because reasonable minds could differ as to whether the sidewalk was in an unsafe condition on the day in question. Specifically, appellants claim that there were other circumstances beyond the difference in elevation that contributed to make the sidewalk inherently dangerous.
As a general matter, owners and possessors of premises are under a duty to exercise ordinary and reasonable care to protect invitees who are on the property. This duty includes the obligations to maintain the premises in a reasonably safe condition and to warn invitees of any latent defects of which the owner or possessor has or should have knowledge.Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus.
Beginning with its decision in Kimball v. Cincinnati (1953),160 Ohio St. 370, the Supreme Court of Ohio held that slight defects in public sidewalks do not constitute sufficient grounds upon which to impose liability on a municipality. This was in accord with the long-standing principle that a municipal corporation is not an insurer of the safety of its streets and sidewalks. The rule set forth in Kimball was thereafter applied by the Supreme Court on a number of occasions. See, e.g.,O'Brien v. Toledo (1957), 167 Ohio St. 35; Gallagher v. Toledo
(1959), 168 Ohio St. 508; Buckley v. Portsmouth (1959),168 Ohio St. 513.
In Helms v. American Legion, Inc. (1966), 5 Ohio St.2d 60, the Supreme Court extended the Kimball rule to privately owned premises. In doing so, the court held that no liability would accrue to the owner or occupier of private premises for minor imperfections which are commonly encountered and which are not unreasonably dangerous. Helms, 5 Ohio St.2d at 62.
Thus, there is a body of case law in Ohio governing negligence actions predicated on variations in height between adjoining sections of a sidewalk. Through these cases, the Supreme Court of Ohio has developed what is commonly known as the two-inch rule, to wit: a difference in elevation of two inches or less between adjacent portions of a sidewalk is insubstantial as a matter of law and does not present a jury question on the issue of negligence.
The Supreme Court modified the two-inch rule in Cash v.Cincinnati (1981), 66 Ohio St.2d 319. Various appellate courts, including this one, have construed Cash as standing for the proposition that a trial court must also consider any attendant circumstances in determining whether liability exists for defects in a walkway. See, e.g., Griswold v. Rini RegoStop-N-Shop (Feb. 24, 1995), Lake App. No. 94-L-057, unreported, at 4, 1995 Ohio App. LEXIS 671; Stockhauser v.Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29, 33; Hughesv. Kozak (Feb. 22, 1996), Cuyahoga App. No. 69007, unreported, at 4-6, 1996 Ohio App. LEXIS 636.
Thus, in the wake of Cash, a difference in height of two inches or less between sections of a sidewalk creates a rebuttable presumption that the defect is insubstantial as a matter of law. This presumption can be rebutted by showing attendant circumstances sufficient to elevate an otherwise trivial defect into an unreasonably dangerous condition.
It is not possible to provide a precise definition for what constitutes an attendant circumstance. One court, however, has noted that it " 'would include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.' " Stockhauser, 97 Ohio App.3d at 33, citing Francev. Parliament Park Townhomes (Apr. 27, 1994), Montgomery App. No. 14264, unreported, 1994 Ohio App. LEXIS 1793.
In the case sub judice, it is undisputed that the height differential over which Hudak tripped was less than two inches. As evidence of this, appellees appended a photograph to their motion for summary judgment filed in the trial court. In the photograph, a ruler is displayed measuring the defect in the sidewalk to be approximately one inch high. Appellants concede the accuracy of the one-inch measurement.
Given this, it is obvious that the two-inch rule is applicable, thereby establishing a presumption that the defect in the height of the sidewalk was nothing more than a trivial departure from perfection for which appellees were not liable as a matter of law. In order to rebut the presumption, appellants had to prove that sufficient attendant circumstances existed to transform the otherwise insubstantial defect into an unreasonably dangerous condition.
Appellants offer two possible attendant circumstances: (1) the fact that Hudak had supposedly never taken this sidewalk before as a means of ingress and egress from the building during her prior visits to her gynecologist; and (2) the fact that Hudak's enlarged condition due to her pregnancy obstructed her view of her own feet.
With regard to the former, we do not believe that it amounts to an attendant circumstance. In order to render a minor defect substantial, a circumstance attendant to the physical condition of the sidewalk must exist that serves to create a greater than normal risk of injury for those persons who traverse the sidewalk. Examples of possible attendant circumstances include heavy vehicular or pedestrian traffic in the vicinity of the sidewalk, poor lighting that causes shadows to be cast over the sidewalk, or a foreign article or substance on the sidewalk. Attendant circumstances serve to divert or obscure the attention of the pedestrian, thereby significantly enhancing the danger of the defect and contributing to the fall. Even if we accept Hudak's claim that she had never used this particular sidewalk before on her prior visits to the doctor, we fail to see how this was a circumstance that aggravated the condition of the sidewalk.
Appellants next point to the fact that Hudak could not see her feet very well at the time of the accident because she was five months pregnant. While this may be true, the one-inch variation in height was located between the last two sections of the sidewalk before it reached the parking lot. Hudak, therefore, had more than ample opportunity to view the differential as she walked the length of the sidewalk from the front door of the building to the point where she tripped and fell.
Upon review, it is apparent that appellants have failed to set forth any valid attendant circumstances prevailing at the site of the defect that combine to overcome the presumption of triviality. In fact, the circumstances that existed support the conclusion that the defect was insubstantial as a matter of law. It was uncontroverted that Hudak tripped in broad daylight, thereby foreclosing any potential visibility problem. The sidewalk upon which she tripped was not crowded with other pedestrians. There were no foreign articles or substances on the sidewalk. Hudak does not claim that she was distracted by vehicular traffic or other noise. In fact, upon being deposed by opposing counsel, Hudak admitted that she was not looking at the sidewalk as she left the building. Rather, she was looking for her automobile in the parking lot that was located at the end of the walkway.
In light of these factors, reasonable minds could only conclude that there were no circumstances attendant to the state of the sidewalk that were sufficient to elevate the trivial height defect into an unreasonably dangerous condition. See, e.g., Seifert v. Great Northern Shopping Cent. (Nov. 5, 1998), Cuyahoga App. No. 74439, unreported, 1998 Ohio App. LEXIS 5308; Scott v. Niles Bd. of Edn. (Oct. 9, 1998), Trumbull App. No. 97-T-0118, unreported, 1998 Ohio App. LEXIS 4842;Denny v. The Ohio State Univ. (Aug. 21, 1997), Franklin App. No. 97API02-278, unreported, 1997 Ohio App. LEXIS 3720. The trial court did not err by granting summary judgment in favor of appellees.
Based on the foregoing analysis, appellants' assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
 ----------------------------------- PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.