DECISION AND JUDGMENT ENTRY
This personal injury case is before the court on appeal from the Lucas County Court of Common Pleas, which granted the summary judgment motion of appellees, H W Properties, Melvin Q. Harbaugh, and Tom Walworth. For the reasons that follow, we find that the decision of the trial court must be reversed.
This case stems from personal injuries that appellant Diane Faris sustained when she fell on the sidewalk outside of the apartment she rented from appellees. Photographs of the scene attached as exhibits to appellant's deposition show that appellant's apartment is on the first floor and opens to the outside. Her apartment is one of several in a row, and a sidewalk runs directly in front of these apartment doors. Appellant's apartment faces a grassy area and the pool. Appellant testified that she had walked on the sidewalk in front of her apartment nearly daily in the four and one-half months she had lived there before the accident.
Appellant testified that she was leaving her apartment to go to a neighbor's party when she fell. According to appellant, when she closed her apartment door, she took just a couple of steps away from the door, proceeding diagonally across the sidewalk. At this point, her foot came in contact with a variation between two slabs of the sidewalk, and she fell. The height of the variation is at issue in this appeal. It is clear from appellant's testimony and the pictures of the scene that, in her direction of travel, she encountered the raised side of the variation first and fell where the adjacent slab of concrete had sunken. Appellant fell just in front of a post that measured approximately four inches by four inches, and appellant contends that the variation was somewhat concealed by the placement of this post. Finally, appellant states that at the time of the fall her attention was diverted to a friend who was sitting at a picnic table in the grassy area.
Because she was injured, appellant filed the instant one-count complaint alleging common law negligence against H W Properties, Melvin Q. Harbaugh, Tom Walworth, HMS Meadows, Ltd., HMS Sunnybrook Meadows, Ltd., and a John Doe. Appellant voluntarily dismissed HMS Meadows, Ltd. and HMS Sunnybrook Meadows, Ltd., and the case proceeded against all of the remaining defendants. (The John Doe defendant has never been identified.) Appellees moved for summary judgment, arguing that the variation in the sidewalk was less than two inches and was thus not unreasonably dangerous. The trial court granted appellees' motion for summary judgment. Appellant appeals from this decision, setting forth the following three assignments of error:
 "1. Did the trial court err in not allowing the jury to determine the issue of attendant circumstances surrounding appellant's injury?
 "2. Did the trial court err in concluding that appellant could not have foreseeably stepped in the location which she asserts was in her path and in determining that such circumstances did not create a material issue of fact?
 "3. Did the trial court err in concluding that there was no material issue of fact as to whether the difference in elevation between the adjacent slabs of cement measured two inches?"
Since these assignments of error are related, we will discuss them together.
Stated in the most general terms, the issue on appeal is whether the trial court erred in granting summary judgment to appellees. We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning
(1998), 128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998), 83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates:
 "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 617.
As a general rule, minor variations or imperfections in a sidewalk that are commonly encountered and that are to be expected do not render a sidewalk unreasonably dangerous and do not expose the owner or occupier of the sidewalk to liability. See, e.g., Kimball v. Cincinnati (1953), 160 Ohio St. 370, syllabus; Helms v. Am. Legion (1966), 5 Ohio St.2d 60, syllabus. In a later case, the Supreme Court of Ohio surveyed earlier Ohio decisions and found that Ohio courts generally hold that variations of two inches and less are insubstantial. See Cash v.City of Cincinnati (1981), 66 Ohio St.2d 319, 321, fn 1. However, even if a variation in a sidewalk is less than two inches, the liability of the owner or occupier may still be a jury question if the attendant circumstances are such that reasonable minds could differ as to the safety of the sidewalk. _Cash, 66 Ohio St.2d 319, at paragraph two of the syllabus; Hughes v. Kozak (Feb. 22, 1996), Cuyahoga App. No. 69007, unreported. In Cash, the attendant circumstances that created a jury question were that the variation in the cross-walk was one and one-half inch deep and twelve to fourteen inches wide, that it was in a "heavily pedestrian-traveled downtown section" of a large city, Cash,66 Ohio St.2d 319 at syllabus, and that the accident occurred during the lunch hour when the cross-walk in question was particularly busy, obstructing the plaintiff's vision of the street in front of her. Id. at 320.
Since Cash, several courts have held that the term "attendant circumstances" means "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." France v. Parliament Park Townhomes (Apr. 27, 1994), Montgomery App. No. 14264, unreported. See, also, Hughes v.Kozak, supra; Stockhauser v. Arch Diocese of Cincinnati (1994),97 Ohio App.3d 29, 33. The court in Hughes summarized the Supreme Court's decision in Cash and stated that attendant circumstances would include: "the condition of the sidewalk as a whole, its pedestrian traffic volume, visibility of the defect, and whether the accident site was such that one's attention could easily be diverted." Hughes v. Kozak, supra. In addition, at least one court has held that the owner's knowledge of the defect could create an attendant circumstance. Barnes v. Center Assoc. RealtyCorp. (Aug. 12, 1996), Columbiana App. No. 95-C-01, unreported, discretionary appeal not allowed (1997), 77 Ohio St.3d 1524. Finally, when considering the attendant circumstances, all circumstances, good or bad, should be considered. Stockhauser,97 Ohio App.3d at 33; Parliament Park, supra.
In this case, the first inquiry is whether the variation in question measured over two inches or under two inches. Richard Marquardt, a claims adjuster for appellees' insurance company, filed an affidavit stating that "[t]he height deviation was definitely less than two inches." However, Marquardt refers in his affidavit to Exhibit A, a sheet containing his notes regarding the scene and the photographs that he took there. One photograph shows a ruler next to the variation, and next to this photograph is a notation that the variation is one and one-half inches high. The same notation appears in one other place in Exhibit A. In contrast, appellant only speculates that the variation was more than two inches. In her deposition, appellant admits that she never measured the variation, but she testified that she "estimated" the height variation to be "over 2 1/2 inches at least." Since appellant's speculative testimony about the height of the variation is insufficient to create a question of fact, see, e.g., Robertson v. Robinson (Feb 11, 1994), Lucas App. No. L-93-150, unreported, Marquardt's testimony that the measured height was one and one-half inches is undisputed.[1]
The next inquiry is whether, despite the variation being less than two inches, any attendant circumstances create a question of fact for the jury as to appellees' negligence. The record reveals that: (1) the variation was located next to or behind a post, which decreased the visibility of the variation; (2) the sidewalk, as a whole, contained many variations; (3) appellees had knowledge of the many variations in the sidewalk;[2] and (4) the sidewalk was located adjacent to a common area and adjacent to a series of doorways, both of which could serve to divert a pedestrian's attention. We find that, considering these attendant circumstances, a question of fact arises as to whether the sidewalk was reasonably safe. Accordingly, the trial court erred in granting summary judgment to appellees.
On consideration whereof, we find that substantial justice has not been done the party complaining, and the decision of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Court costs are assessed to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, P.J. JUDGES CONCUR.
 ____________________________ Mark L. Pietrykowski, J.
[1] Similarly, appellant contends in her brief that there is some doubt as to whether Marquardt measured in the correct location. She states that, though Marquardt made his measurements on October 3, 1996, Marquardt did not know of the location of the fall until he spoke with appellant on February 18, 1997. However, in his affidavit, Marquardt averred that he spoke with appellant and she told him where she fell. Based on that information, he proceeded to the scene on October 3, 1996 and measured the variation. Since there is no record evidence that Marquardt did not speak to appellant prior to February 18, 1997, Marquardt's testimony that he spoke with appellant on or before October 3, 1996 is undisputed.
[2] Appellant's neighbor, Cheryl Carnes, filed an affidavit stating that before appellant's accident, Carnes had reported the uneven sidewalks to the apartment manager because it was difficult for Carnes' children to ride their bikes and roller blade on the sidewalks.