**HUEY, Appellant,**

v.

**NEAL et al., Appellees.**

[Cite as *Huey v. Neal,* 152 Ohio App.3d 146, 2003-Ohio-391.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–02–79.

Decided Jan. 30, 2003.

Richard E. Siferd, for appellant.

Robert K. Leonard, for appellees.

Thomas F. Bryant, Presiding Judge.

{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Plaintiff-appellant Wanda Huey ("Huey") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment in favor of defendant-appellee Arnold Neal ("Neal").

{¶ 2} On June 26, 1998, Huey was helping her daughter deliver papers before dawn. After delivering a paper at 607 Cortlandt Avenue, property owned by Neal, Huey was returning to the car and fell over the uneven sidewalk. The sidewalk was not lit at the time of the fall except for some light radiated from the headlights of the car. Huey was injured as a result of the fall. On August 10, 2001, Huey filed a complaint alleging a severe and permanent injury as a result of the uneven sidewalk that caused the fall.

{¶ 3} On March 26, 2002, Neal took Huey's deposition. In the deposition, Huey stated that she had been helping her daughter for a couple months. She also stated that she had been to the property in question a few times. Huey admitted that although it was dark, she could see where the sidewalk was and where her feet were being placed. Huey claimed that she tripped over a raised edge of the sidewalk. However, Huey admits that she has never made any measurements of the amount of elevation of the sidewalk.

{¶ 4} On June 21, 2002, Neal filed for summary judgment. In support of this motion, Neal argued that Huey had not submitted any evidence that the variation in elevation was greater than two inches or that there were any other attendant circumstances, other than darkness, to distract Huey and make the situation more dangerous. Huey filed her response on July 17, 2002. In support of the response, Huey filed an affidavit that the pictures attached to the affidavit were accurate representations of the state of the sidewalk at the time she fell. The pictures show that the sidewalk was uneven. One of the pictures shows a measurement of the elevation to be approximately 1.25 inches where Huey claims that she tripped. On August 20, 2002, the trial court granted summary judgment to Neal. It is from this judgment that Huey raises the following assignment of error:

{¶ 5} "The trial court erred in granting summary judgment when the evidence indicated that [Huey] fell on a defect in a walkway measuring between 1 1/2 and 2 inches, and where other substantial attendant circumstances existed."

{¶ 6} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. The Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides

that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks,* supra.

{¶ 7} "Generally, owners of premises owe a duty to invitees to exercise ordinary and reasonable care, including maintaining the premises in a reasonably safe condition and warning invitees of latent defects of which the owner should have knowledge. * * * However, municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. * * *

{¶ 8} "Courts developed the rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and thus does not present a jury question on the issue of negligence. In *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275, the court clarified the 'two-inch' rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. * * * Thus, *Cash* established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." (Citations omitted.) *Stockhauser v. Archdiocese of Cincinnati* (1994), 97 Ohio App.3d 29, 32–33, 646 N.E.2d 198.

{¶ 9} In this case, Huey testified in her deposition that she did not know how large the variation in elevation was. Subsequent to this testimony, Huey presented a photograph showing the elevation with a yardstick. The photograph indicates that the elevation is approximately 1.25 inches. Thus, Huey's own evidence shows that, as a matter of law, the elevation was insubstantial absent attendant circumstances.

{¶ 10} "To render a minor defect substantial, attendant circumstances must not only be present, but must create 'a greater than normal, and hence substantial risk of injury.' * * * The attendant circumstances must, taken

together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. * * * Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." (Citations omitted.) Id. at 33–34, 646 N.E.2d 198.

{¶ 11} Here, Huey claims that there were attendant circumstances. These circumstances include the following: (1) It was dark because it was before dawn, there were no street lights in the area, and Huey did not carry a flashlight; (2) The only lighting was from the headlights of the car, which were shining down the street; (3) Huey was in a hurry because she wanted to get home; and (4) Huey was watching the car and not her feet. Huey argues that these factors arguably diverted her attention.

{¶ 12} The law in Ohio is that darkness outside is a naturally occurring, expected event. *Mowery v. Shoaf*, 148 Ohio App.3d 403, 2002-Ohio-3006, 773 N.E.2d 1053, citing *Jeswald v. Hutt* (1968), 15 Ohio St.2d 224, 44 O.O.2d 196, 239 N.E.2d 37. "Darkness is always a warning of danger, and for one's own protection, it may not be disregarded." Id., 148 Ohio App.3d at ¶ 39. Here, Huey admitted that she was aware that it would be dark and that she did not carry a flashlight in an effort to decrease the obvious danger of the situation. Thus, the fact that it was dark is not an attendant circumstance to extend liability.

{¶ 13} The remaining factors that Huey claims to be attendant circumstances were all internal to Huey. Huey's own thoughts may have distracted her attention from the sidewalk. However, these factors are subjective rather than objective. The circumstance must be such that it would come to the attention of the reasonable pedestrian in the same circumstance and reduce the degree of care that an ordinary person would exercise. *Grant v. Marion* (Dec. 28, 1995), Marion App. No. 9–95–37, 1995 WL 771385. Although any person could be distracted by his or her own thoughts, this does not reduce the degree of care that an ordinary person would exercise. Thus, the fact that Huey was in a hurry to get home is not an attendant circumstance sufficient to rebut the presumption of no liability. The assignment of error is overruled.

{¶ 14} The judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment affirmed.*

WALTERS and SHAW, JJ., concur.