George A. **PERRY**, Plaintiff

v.

**UNITED STATES of America, et al., Defendants.**

No. 3:02cv526.

United States District Court, S.D. Ohio, Western Division.

July 6, 2007.

Edmund Gene Loikoc, West Carrollton, OH, for Plaintiff.

## DECISION AND ENTRY SUSTAINING UNITED STATES OF AMERICA'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (DOC. # 20); TERMINATION ENTRY

RICE, District Judge.

Plaintiff, George A. Perry, filed the instant Complaint in this Court on November 8, 2002, alleging negligence on the part of the Defendant, United States of America ("the Government").[1] Doc. # 1., ¶¶ 1–11. The Government has filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), or, in the Alternative, for Summary Judgment, pursuant to Fed.R.Civ.P. 56. Doc. # 20.

The Government attaches an affidavit and the Plaintiff's Answers to its Request for Admissions to its motion. Doc. # 20, Atts. # 1 and # 2. When matters outside the pleadings are presented to and considered by the court in a Rule 12(b)(6) motion, as here, the motion may be treated as one for summary judgment, *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir.1986) (*per curiam*), and the parties involved must be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). This action has been before this Court for nearly four years. The Plaintiff was given notice that the Defendant's Motion to Dismiss might be considered as one for Summary Judgment. *See,* Doc. # 20, filed on April 15, 2005. Despite this notice, he has made no effort, in the intervening eleven-plus months, to ask this Court to delay consideration of a motion for summary judgment, pending an opportunity to conduct additional discovery. The Plaintiff has had a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Therefore, the Court will consider the materials submitted by the Defendant, and, consequently, will treat its motion as one for summary judgment.

## I. FACTUAL BACKGROUND

At some point prior to July 27, 1999, the United States Postal Service removed a mailbox from the corner of West Great Miami Boulevard and Shaw Avenue in Dayton, Ohio.[2] Doc. # 1, ¶ 4. After removing the mailbox, several bolts, used to secure the mailbox to the concrete, were left in the sidewalk. *Id.,* ¶ 3. On July 27, 1999, at approximately 10:00 p.m., Perry was walking to a friend's house, when he tripped and fell over a bolt embedded in the sidewalk (*Id.,* ¶ 2), protruding approximately one-half inch above the sidewalk.[3]

---

**1.** Anthem Blue Cross/Blue Shield and Medicaid Secondary Medicare are named as Defendants based on their potential interest in the outcome of this action, and their refusal to join as Plaintiffs. Doc. # 1, ¶¶ 12–16.

**2.** Facts taken from the Plaintiff's Complaint are here for the purpose of providing a complete factual background. However, in ruling on the Defendant's Motion for Summary Judgment, the Court will rely only on Rule 56 materials, to wit: Springer's Affidavit and the Plaintiff's Answers to the Defendant's Request for Admissions.

**3.** In his Affidavit Springer averred to a number of defects in the sidewalk where Perry tripped. Doc. # 20, Att. # 2, ¶ 4. In Springer's opinion, the entire sidewalk in that area was in "overall poor condition." *Id.* However, the overall condition of the sidewalk is not relevant to the Court's analysis, as Perry alleged only that his fall was caused by the bolt left in the sidewalk by the Defendant. Doc.

Doc. # 20, Att. # 1, Plaintiff's Answers to the Government's Request for Admissions, ¶ 1; Doc. # 20, Att. # 2, Affidavit of Jerry D. Springer, ¶ 3. The night of July 27, 1999, was warm and dry, and Perry had walked the route many times before. Doc. # 20, Att. # 1, ¶¶ 3 and 5. He claims that employees of the Government were negligent in removing the mail box and leaving the bolts in the sidewalk, as a result of which, he alleges that he suffered injuries that continue to require medical treatment, cause him pain and suffering, and interfere in his enjoyment of life. Doc. # 1, ¶¶ 5–10.

## II. LEGAL STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548; *see also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial") (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law, Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Michigan Protection and Advocacy Serv., Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir. 1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires

---

#1. None of the other "conditions" is alleged to be the proximate cause of his fall. Further, Springer's observations came approximately two years after Perry's alleged fall. *Cf.* Doc. # 20, Att. # 2, ¶ 4. and Doc.

#20, Att. # 1, ¶¶ 1–6. Consequently, it would be impossible for the Court to determine the condition of the sidewalk at the time of the alleged accident, based on the evidence offered by Springer.

the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2726.

## III. ANALYSIS

 This action is brought pursuant to 28 U.S.C. § 1346, *et seq.*, the Federal Tort Claims Act ("FTCA"). Doc. # 1, ¶ 1. Claims made pursuant to the FTCA are analyzed using the appropriate state law. *See, Hogan v. U.S.*, 407 F.3d 778 (6th Cir.2005). In Ohio, "owners of premises owe a duty to invitees to exercise ordinary and reasonable care, including maintaining the premises in a reasonably safe condition and warning invitees of latent defects of which the owner should have knowledge. However, municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways." *Huey v. Neal*, 152 Ohio App.3d 146, 149, 787 N.E.2d 23 (Allen Cty. Ct.App.2003); *see also, Kimball v. Cincinnati*, 160 Ohio St. 370, 116 N.E.2d 708 (1953); *Scheibel v. Lipton*, 156 Ohio St. 308, 102 N.E.2d 453 (1951). A defect that is two inches or less in height is considered insubstantial as a matter of law and, thus, does not present a jury question on the issue of negligence. *Id.* In *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275, (1981), the Ohio Supreme Court clarified the "two-inch" rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. Thus, *Cash* established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial. *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 32–33, 646 N.E.2d 198 (Montgomery Cty. Ct.App.1994) (citations omitted).

 "To render a minor defect substantial, attendant circumstances must not only be present, but must create 'a greater than normal, and hence substantial risk of injury.' The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." *Stockhauser*, 97 Ohio App.3d at 33–34, 646 N.E.2d 198 (citations omitted); *see e.g., Cash, supra* (finding that traffic signals, heavy pedestrian traffic and surrounding vehicular traffic were sufficient attendant circumstances to create a genuine issue of material fact about an otherwise insubstantial as a matter of law defect

in a crosswalk); *see also, Bodley v. U.S. Air*, 1997 WL 770993, 1997 Ohio App. LEXIS 5608 (Franklin Cty. Ct.App., Dec. 9, 1997) (finding that carpet that covered otherwise insubstantial defect was sufficient to create a genuine issue of material fact). "Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." *Huey, supra,* (quoting *Stockhauser,* 97 Ohio App.3d at 33–34, 646 N.E.2d 198 (citations omitted)).

■ As an attendant circumstance, Perry offers the fact that it was dark at the time of the accident occurred.[4] Doc. # 20, Att. # 1, ¶ 4. Darkness is not an attendant circumstance sufficient to overcome the presumption that a defect less than two inches in height is insubstantial as a matter of law. *Huey,* 152 Ohio App.3d at 150, 787 N.E.2d 23. "The law in Ohio is that darkness outside is a naturally occurring, expected event.... Darkness is always a warning of danger, and for one's own protection, it may not be disregarded." *Id.* (quoting *Mowery v. Shoaf,* 148 Ohio App.3d 403, 409–10, 773 N.E.2d 1053 (Columbiana Cty. Ct.App.2002)); *see also Jeswald v. Hutt,* 15 Ohio St.2d 224, 239 N.E.2d 37 (1968).

Perry also argues that the nature of the defect, one created by the Government and not one created by nature, is sufficient to raise a genuine issue of material fact that must be submitted to a jury. Doc. # 25 at 3. He has offered no case law to support this argument, and the Court can find none. To the contrary, in Ohio, the "two-inch rule" has been applied to man-made defects. *See, Stockhauser, supra,* (applying "two-inch rule" to curb separating sidewalk from parking lot); *see also, Cash, supra* (applying "two-inch rule" to depression in pavement created by work done pursuant to city contract).

Under Ohio law, there is a presumption that, as a matter of law, defects in a sidewalk less than two inches in height are insufficient to support a claim of negligence. The defect that Perry alleges caused him to trip is less than two inches in height. While attendant circumstances may be used to rebut the presumption, Perry has offered nothing sufficient to do so. Consequently, the Government's Motion for Summary Judgment is SUSTAINED. The remaining Defendants were added as potential parties to Perry's claim against the Government. That claim having failed, the remaining Defendants are hereby DISMISSED from this action.

## IV. CONCLUSION

The United States of America's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. # 20) is treated as a motion for summary judgment and SUSTAINED, pursuant to Fed.R.Civ.P. 56. The Defendants Anthem Blue Cross/Blue Shield and Medicaid Secondary Medicare are hereby DISMISSED.

Judgment is to be entered on behalf of the Defendant United States of America and against the Plaintiff.

---

4. Additionally, Perry argues that his age at the time of the accident (alleged to be 67) is an attendant circumstance. Doc. # 25 at 3. As he has offered nothing compliant with Rule 56(e) to support this fact, it is not properly before the Court. However, even were the Court to consider it, it would have no bearing on the outcome. In Ohio, factors that are peculiar to the individual at the time of the accident, are not appropriate attendant circumstances. *See, Huey v. Neal,* 152 Ohio App.3d 146, 150, 787 N.E.2d 23 (Allen Cty. Ct.App.2003) (holding that the fact that the plaintiff was in a hurry to get home is not an attendant circumstance sufficient to rebut the presumption of no liability).

874

The above captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.