OPINION *Page 2 
{¶ 1} Plaintiff-appellant Marsha Smith et al. ("Smith") brings this appeal from the judgment of the Court of Common Pleas of Marion County granting summary judgment to defendant-appellee House of Hunan et al ("HOH"). For the reasons discussed below, the judgment is affirmed.
 {¶ 2} On September 14, 2003, Smith was entering HOH's restaurant located at the Southland Mall in Marion, Ohio. As she approached the door, Smith stepped to the side of the sidewalk to allow other customers to leave the restaurant. This area of the sidewalk had a deviation of approximately one inch. Smith tripped and suffered injury. On September 8, 2005, Smith filed a complaint against HOH and various John Doe Corporations and individuals alleging negligence. HOH filed its answer on October 12, 2005. An amended complaint was filed on February 21, 2006, with HOH's answer to the amended complaint being filed on March 6, 2006. The action against Grange Mutual Insurance Company was dismissed on December 12, 2006. On December 15, 2006, Southland Mall ("Southland") voluntarily dismissed its cross-claim against HOH. HOH then dismissed its cross-claim against Southland on January 3, 2007.
 {¶ 3} On March 27, 2007, HOH and Southland filed a joint motion for summary judgment. Smith filed her response to the motion on June 12, 2007. On October 25, 2007, the trial court granted HOH and Southland's motion for *Page 3 
summary judgment and dismissed the complaint with prejudice. Smith appeals from this judgment and raises the following assignment of error.
 The court erred in granting summary judgment where issues of fact exist as to the presence of "attendant circumstances."
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo.Franks, supra.
 {¶ 5} In this case, there is no dispute that the sidewalk deviated in elevation. Smith claims that when she stepped on the deviation, her foot twisted outward causing her to fall and strike the building. M. Smith Dep., 81. Thus, Smith claims that the breach of HOH and Southland's duty to maintain the sidewalk is the proximate cause of her injuries. *Page 4 
 Generally, owners of premises owe a duty to invitees to exercise ordinary and reasonable care, including maintaining the premises in a reasonably safe condition and warning invitees of latent defects of which the owner should have knowledge. * * * However, municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variation in the walkways. * * *
 Courts developed the rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and thus does not present a jury question on the issue of negligence. In Cash v. Cincinnati (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275, the court clarified the "two-inch" rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. * * * Thus Cash established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial.
Stockhauser v. Archdiocese of Cincinnati (1994), 97 Ohio App.3d 29,32-33, 646 N.E.2d 198 (citations omitted).
 {¶ 6} Smith's husband took pictures of the sidewalk with a ruler to show the amount of deviation. G. Smith Dep., 5. These pictures were submitted to the trial court as an attachment to the motion for summary judgment and indicate that the amount of deviation is approximately one inch. Thus, as a matter of law, the defect is insubstantial unless the attendant circumstances are such that the defect is rendered substantial. Id. See also Huey v. Neal, 152 Ohio App.3d 146,2003-Ohio-391, 787 N.E.2d 23. *Page 5 
 {¶ 7} For the attendant circumstances to be sufficient to render a minor defect substantial, they "must create a greater than normal and hence substantial risk of injury." Huey, supra at ¶ 10. "The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall." Id. "The totality of the circumstances of each case must be exmined to determine if, as a whole, they create a substantial defect." Id.
 {¶ 8} Here, Smith alleges that the attendant circumstances are that she had to move to avoid exiting customers and the swinging door. Large volumes of pedestrian traffic may be determined to be an attendant circumstance. Stinson v. Kirk, 6th Dist. No. OT-06-044,2007-Ohio-3465. However, to be considered to be an attendant circumstance for the purpose of rebutting the "two-inch" rule, the traffic must be unusual or unreasonably increase the chance of harm. Id. at ¶ 25.
 {¶ 9} In her deposition, Smith testified that she was not speaking to anyone while walking into HOH. M.Smith Dep., 46. She further testified that her view was not obstructed by the exiting customers. Id. at 49. Her reason for not observing the sidewalk was that she was not looking at the sidewalk, but at the people coming out of the door and the people standing in the waiting area inside the building. Id. Viewing the evidence in a light most favorable to Smith, no reasonable person would conclude that customers exiting the restaurant was an *Page 6 
unusual occurrence or unreasonably increased the chance of harm. Therefore, this court cannot conclude that Smith has presented attendant circumstances sufficient to rebut the presumption of no liability. The assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas is affirmed.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1