OPINION
Plaintiff-appellants Richard and Penelope Goldshot appeal from a summary judgment rendered in favor of defendant-appellees Romano's Macaroni Grill and Brinker Ohio, Inc. on their claims relating to Penelope's slip and fall at Macaroni Grill on September 4, 1998.[1]
The Goldshots contend that the trial court erred when it found that reasonable minds could reach but one conclusion: that the defect in the sidewalk was minor; that no attendant circumstances were present that might render the defect substantial as a matter of law; and that the sidewalk was safe for travel by pedestrians. We agree. Therefore, the judgment of the trial court is Reversed.
 I
On September 4, 1998, at approximately 9:15 p.m., Penelope Goldshot left the Macaroni Grill restaurant with her husband, Richard, and friends. She was carrying a box, which held the remainder of her meal, and was chatting with her companions while leaving the premises. As she traversed the walkway, she stumbled over a slightly raised portion, injuring her arm. She testified that the raised portion was 1¼ to 1½ inches higher; that the lighting near the area where she fell was poor; and that there was no discernable change in coloration of the sidewalk, which would have highlighted the defect. While waiting for an ambulance, a Macaroni Grill employee acknowledged previous accidents at the same spot.
Penelope brought this action against Macaroni Grill for negligence. Richard joined in the action, claiming loss of consortium. Macaroni Grill filed a motion for summary judgment. The trial court found, as a matter of law, that the defect was minor, and that no attendant circumstances were present to make the defect substantial. Accordingly, the trial court granted Macaroni Grill's motion for summary judgment, and rendered judgment accordingly. From the judgment against them, the Goldshots appeal.
 II
The Goldshots raise one assignment of error:
 "WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
We review the appropriateness of summary judgment de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70
(internal citations omitted). Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record demonstrating that no genuine issue of material fact exists on the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party meets that burden, the nonmoving party has a reciprocal burden of showing that a genuine issue of material fact exists to prevent summary judgment. Id. at 294. If the non-moving party fails to meet this burden, then summary judgment is appropriate. With this standard in mind, we address the Goldshots' sole assignment of error.
To recover damages for negligence the Goldshots must establish that: (1) Macaroni Grill owed a duty to conform its conduct to a standard of ordinary care to them; (2) Macaroni Grill breached that duty; and (3) the breach proximately caused an injury to them. Texler v. D.C. SummersCleaning Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 681.
An owner of a business owes a duty of care to its invitees relating to its walkways and sidewalks:
 "Generally, owners of a premises owe a duty to invitees to exercise ordinary and reasonable care, including maintaining the premises in a reasonably safe condition and warning invitees of latent defects of which the owner should know. Scheibel v. Lipton
(1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453. However, municipalities and private landowners are not liable as a matter of law for minor defects in sidewalks and other walkways because these are commonly encountered and pedestrians should expect such variations in the walkways. Kimball v. Cincinnati (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708; Gallagher v. Toledo (1959), 168 Ohio St. 508, 7 O.O.2d 364, 156 N.E.2d 466; Kindle v. Akron (1959), 169 Ohio St. 373, 8 O.O.2d 408, 159 N.E.2d 764; Helms v. Am. Legion, Inc. (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734.
"Courts developed the rule that a difference in elevation between adjoining portions of a sidewalk or walkway that is two inches or less in height is considered insubstantial as a matter of law and thus does not present a jury question on the issue of negligence. In Cash v.Cincinnati (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275, the court clarified the "two-inch" rule, stating that courts must also consider any attendant circumstances in determining liability for defects in the walkway. Id. Thus, Cash established a rebuttable presumption that height difference of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial. Id.; Turner v. BurndaleGardens Co. (Dec. 18, 1991), Montgomery App. No. 12807, unreported, 1991 WL 270662." Stockhauser v. Archdiocese (1994), 97 Ohio App.3d 29,32-33.
Accordingly, business owners have no duty to repair a defect measuring two inches or less unless attendant circumstances exist making it reasonably foreseeable that the defect will cause an injury. The term attendant circumstances defies precise definition. Id. Several courts, however, have recognized:
 "The term `attendant circumstances' means `any distraction that would come to the attention of the pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.' France v. Parliament Park Townhomes, 1994 Ohio App. LEXIS (Apr. 27, 1994), Montgomery App. No. 14264, unreported. See, also, Hughes v. Kozak, supra; Stockhauser v. Arch Diocese of Cincinnati
(1994), 97 Ohio App.3d 29, 33, 646 N.E.2d 198. The court in Hughes summarized the Supreme Court's decision in Cash and stated that attendant circumstances would include: `the condition of the sidewalk as a whole, its pedestrian traffic volume, visibility of the defect, and whether the accident site was such that one's attention could easily be diverted.' Hughes v. Kozak, supra. In addition, at least one court has held that the owner's knowledge of the defect could create an attendant circumstance. Barnes v. Center Assoc. Realty Corp., 1996 Ohio App. LEXIS 3419 (Aug. 12, 1996), Columbiana App. No. 95-C-01, unreported, discretionary appeal not allowed (1997), 77 Ohio St.3d 1524, 674 N.E.2d 376. Finally, when considering the circumstances, all circumstances, good or bad, should be considered." Faris v. H W Properties (June 9, 2000), Lucas App. No. L-99-1327, unreported.
Other courts have refused to consider prior notice of accidents at the location of the defect to be an attendant circumstance. Denny v. TheOhio State University (Aug. 21, 1997), Franklin App. No. 97 API02-278, unreported ("The facts that another person tripped over the same defect and that appellee took precautions to protect appellant are not `attendant circumstances' as contemplated by Cash."); Gurcarkowski v.McPeek Funeral Home (Feb. 9, 1990), Licking App. No. CA-3497 (court refused to consider fact that elderly lady had fallen in same area to be an attendant circumstance).
From our review of Kimball, Cash, and their progeny, we conclude that the rationale for extending liability for defects of two inches or less to cases involving attendant circumstances is to balance the burden imposed upon property owners to repair defects in walkways against the likelihood that an individual may be injured as a result of the defect.Thompson v. Kroger Co. (1992), Montgomery App. No. 13248, unreported ("Attendant circumstances focus on whether the circumstances generally prevailing at the time of the existence of a defect make it foreseeable by the owner that the defect, though less substantial than 2 inches in depth, is likely to cause injury"). If an owner knows of a condition enhancing the risk of a fall, beyond the control of the injured party, then an attendant circumstance may exist that requires the owner to repair the defect or be held liable for those injuries occurring because of it. Id.; Backus v. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155.
In their sole assignment of error, the Goldshots claim that the trial court erred in granting summary judgment, because reasonable minds can differ on whether sufficient attendant circumstances existed to render the defect substantial, which would allow the issue of negligence to be submitted to the jury. Specifically, they argue that the attendant circumstances of: (1) insufficient lighting; (2) coloration of the defect (little or no contrast); (3) distractions attendant to leaving a restaurant, including the foreseeable circumstance that patrons often carry packages while talking to friends upon leaving the restaurant; (4) and Macaroni Grill's prior notice of accidents at the same spot, are sufficient to render the defect in the sidewalk substantial. Macaroni Grill, however, claims that the attendant circumstances in the case before us are not sufficient to create a genuine issue of material fact.
Macaroni Grill met its initial burden under Civ.R. 56(C) by putting forth evidence from Penelope's deposition that the defect was less than two inches and that no attendant circumstances existed to place a duty on it to repair the walkway. Penelope testified as follows:
 "On September 4th we ate at Macaroni Grill. I fell and broke my right arm. The sidewalk was uneven and had a, slash, drop about one I'm sorry one and one forth to one and one-half inch.[2]
"* * *
 "Q. And other than the unevenness of the sidewalk, was there any other condition of the area that you feel caused you to fall?
 "A. There wasn't a lot of light. It was night. It was just the fact that it just blended right into the sidewalk.
 "Q. Now you've walked on sidewalks at night before; it that correct?
"A. Yes.
 "Q. Is there anything unusual about this particular sidewalk, except on the unevenness that you felt was more dangerous and more susceptible to injury than any other sidewalk that you've walked on, even given the lighting conditions?
"A. No.
 "Q. I take it there weren't any distractions that were distracting you as you were walking down, flashing signs or anything like that, on this particular sidewalk?
"A. No."
Once Macaroni Grill made this initial showing, the burden shifted to the Goldshots to demonstrate the existence of a genuine issue of fact to prevent summary judgment. They attempted to meet this burden by submitting their affidavits and Jackalyn Avery's deposition.
Specifically, Penelope averred:
 "6. As I walked to my car toward the East side of the establishment, I was walking beside a friend, Jackalyn Avery, on her right side nearest the restaurant and away from the parking lot. I was also carrying a container that held the remainder of my dinner. As we were walking to my car we were conversing. I was carrying a Styrofoam package which contained the remainder of my dinner. The building and parking lot were lighted, but the sidewalk was not lighted and no defect in the walkway was visible."
Her husband, Richard, further, averred:
 "6. After my wife fell, I visually examined and noted that the coloration of the raised portion of the sidewalk was not visible. I also noted that the section of the concrete walk nearest the building was raised about one and one half inches to two inches. Due to the lack of lighting on the sidewalk and the coloration of the concrete the defect was not readily visible without bending over close to the walk.
 "7. After my wife fell, an employee of Romano's Macaroni Grill, Deborah Neeley, came out of the building. Mrs. Neeley stated: `they would take care of everything . . . other people had been hurt . . . he took it calm and didn't cuss her out like other people had.' I later telephoned Deborah Neeley to inform her of my wife's condition and at that time she stated `. . . other people had fallen there before but hadn't been hurt as bad as your wife.' "
Penelope's friend, Jackalyn Avery, averred:
 "5. As we left the establishment at approximately 8:30 p.m.-9:00 p.m., I was walking to the left of Penelope Goldshot and slightly ahead of her and we were talking.
 "6. After her fall, an employee of the restaurant came out to where Mrs. Goldshot fell and made a gratuitous statement to the effect that at least one other person had fallen on the same spot. I made a note of the statement as it did not seem appropriate for an employee of an establishment, after someone had injured themselves, to make such a statement."
In this case, the variation measured less than two inches. Because the defect was less than two inches, the Goldshots were required to show attendant circumstances creating a genuine issue of fact material to Macaroni Grill's negligence, in order to avoid summary judgment. The Goldshots presented evidence of several potential attendant circumstances: insufficient lighting; no discernable color contrast; and Macaroni Grill's knowledge of prior accidents at the exact same spot.
Macaroni Grill points to our precedent to establish that insufficient lighting does not rise to the level of an attendant circumstance:
 "We do not believe that presence of dim lighting necessarily changes a minimal sidewalk defect into something creating a greater than normal risk of injury. If this were the case, liability would be extended to nearly all homeowners or business owners for injury to anyone who happens to walk on their property after daylight hours. In the absence of other circumstances, this is simply not enough." Russell v. Creatif' Catering, Inc. (Dec. 4, 1998), Montgomery App. No. 17031, unreported.
 Russell, however, is distinguishable. In that case, we said that "[i]n the absence of other circumstances, [insufficient lighting] is simply not enough [to rise to the level of an attendant circumstance]." Id. Here other circumstances taken together with the absence of lighting lead us to conclude that attendant circumstances exist. All we meant to say inRussell v. Creatif' Catering, Inc., supra, is that dim lighting, by itself, is not a sufficient attendant circumstance to cause an otherwise trivial defect to become significant. That is not to say that dim lighting may not contribute to a totality of circumstances that, collectively, are sufficient to cause an otherwise trivial defect to become significant.
In the case before us, Penelope testified that poor illumination coupled with the color of the sidewalk prevented her from seeing the defect in the sidewalk. Moreover, both her husband and her friend averred that Macaroni Grill's own employees stated that other accidents had occurred at the exact same spot. We conclude that all these circumstances, when viewed in a light most favorable to the Goldshots, taken together, create a genuine issue of material fact whether the attendant circumstances enhanced the risk of injury to the point that injury was a reasonably foreseeable consequence of the defect. Therefore, the trial court erred when it rendered summary judgment, and the Goldshots' sole assignment of error is sustained.
 III
The Goldshots' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
BROGAN and YOUNG, JJ., concur.
[1] The appellees will be referred to as Macaroni Grill throughout the course of this opinion.
[2] In her memorandum in opposition, Penelope attempted to create a genuine issue of fact regarding the depth of the variation. She claimed in her affidavit that despite her deposition testimony regarding the depth of the incline that she had told a representative of Macaroni Grill that the sidewalk was raised 2 to 2 ½ inches. The affidavit, however, fails to create an issue of fact because it conflicts with her prior deposition testimony. Gutlove v. Fisher Foods, Inc. (Nov. 20, 2000), Stark App. No. 2000CA00098, unreported (internal citations omitted) ("[A] number of appellate courts have held a non-moving party cannot defeat a motion for summary judgment by creating an issue of fact through a contradictory affidavit").