This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sneh Raj ("Raj"), appeals from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of Appellee, Burkhardt Consolidated Co. ("Burkhardt"). We affirm.
 I.
{¶ 2} On January 15, 2001, Raj went to MedPoint Health Center ("MedPoint"), located at 650 Graham Rd. in Cuyahoga Falls, Ohio, in order to undergo a medical procedure known as a nuclear bone scan. She went to the Imaging Center at MedPoint and received an injection. Thereafter, Raj left the Imaging Center and walked toward the urgent care facility of MedPoint to have an x-ray taken as part of the bone scan. While she was walking from the Imaging Center to the urgent care facility, she tripped on the concrete sidewalk connecting the two buildings. Raj stumbled upon an area of the sidewalk where two adjoining sections of sidewalk combine, creating an irregular surface due to a difference between the two adjoining pieces of concrete of approximately one and one-quarter inches. Raj sustained a fractured wrist and four fractured teeth.
{¶ 3} On November 15, 2001, Raj filed a complaint against Burkhardt and MedPoint, alleging causes of action for negligence. Burkhardt owns the real property in question, and MedPoint is the occupant of that property, leasing from Burkhardt. Raj subsequently dismissed her claim against MedPoint without prejudice.
{¶ 4} On May 29, 2002, Burkhardt filed a motion for summary judgment, which the trial court granted. The court found that the "two-inch rule," as stated in Kimball v. Cincinnati (1953),160 Ohio St. 370, and Cash v. Cincinnati (1981), 66 Ohio St.2d 319, rendered the one and one-quarter inch defect in the sidewalk insubstantial as a matter of law. The court also found that Burkhardt was entitled to summary judgment because the sidewalk defect was open and obvious. This appeal followed.
 II. Assignment of Error
{¶ 5} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
{¶ 6} In her sole assignment of error, Raj asserts that summary judgment was improper. She presents three arguments: (1) there are material issues of fact as to whether the defect is "open and obvious"; (2) a defect of less than two inches requires the consideration of the attendant circumstances surrounding the fall, and therefore, summary judgment in this case is improper; and (3) the trial court's determination that the same defect could be both open and obvious and insubstantial is inconsistent.
{¶ 7} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
{¶ 8} Pursuant to Civil Rule 56(C), summary judgment is proper if:
{¶ 9} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
{¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
{¶ 11} In an action for negligence, a plaintiff must prove (1) the defendant owed her a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75, 77. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203. However, a business owner is not an insurer of the safety of the invitees. Id.
{¶ 12} We first address Raj's argument that a defect of less than two inches requires the consideration of the attendant circumstances surrounding the fall, and therefore, summary judgment in this case is improper. A business owner or occupier is generally not liable for minor defects in sidewalks and walkways because these are commonly encountered and pedestrians should expect such variations. Stockhauser v. Archdioceseof Cincinnati (1994), 97 Ohio App.3d 29, 32, citing Kimball v.Cincinnati (1953), 160 Ohio St. 370. In Kimball, the Ohio Supreme Court first stated what has now come to be known as the "two-inch rule," which provides that a difference in elevation in a sidewalk or walkway, which is less than two inches, is insubstantial as a matter of law. See Kimball,160 Ohio St. 370; Stockhauser, 97 Ohio App.3d at 33. In Cash v.Cincinnati, the Ohio Supreme Court modified the two-inch rule, stating that in determining a business owner's liability for such defects in a sidewalk or walkway, the court should consider any attendant circumstances which would render the defect substantial. Cash v.Cincinnati (1981), 66 Ohio St.2d 319, 324. "Thus, Cash established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." Stockhauser, 97 Ohio App.3d at 33. In other words, in situations where the difference is less than two inches, courts must look further to determine if there is some factor in the attendant circumstances which would still raise a jury question as to the existence of danger to the pedestrian. Hren v. Akron (Jan. 28, 1987), 9th Dist. No. 12710, at 3. In such cases where reasonable minds could differ as to whether the variation was so trivial as to relieve the owner from liability, that issue is properly left for the jury, and summary judgment is therefore improper. Campbell v. GMS Mgt., Inc. (Mar. 30, 1994), 9th Dist. No. 16403, at 4, citing Cash, supra, at paragraph two of the syllabus.
{¶ 13} In this case, the parties do not dispute that the difference in elevation between the two portions of sidewalk measured approximately one and one-quarter inches. Accordingly, Burkhardt is entitled to judgment as a matter of law unless the attendant circumstances raise a jury question as to whether the defect was substantial.
{¶ 14} In support of its motion for summary judgment, Burkhardt submitted the deposition of Raj and the affidavit of Dennis Brown, Burkhardt's Director of Leasing and Tenant Services. Brown stated that he is responsible for inspecting the premises, including MedPoint, and that he had inspected the area where Raj fell within a week prior to her fall. He stated that at that time, he observed no irregularities in the concrete. In her deposition, Raj stated that there nothing to obstruct her view of the sidewalk and that no other individuals were in the immediate area. She further stated that at the time of her fall, the sidewalks were clear; it was not raining or snowing, although she remembered it being a little cloudy that day.
{¶ 15} In her brief in opposition, Raj submitted her own deposition and an affidavit of Kent Klodnick, an employee of the Imaging Center at MedPoint. Klodnick stated that he has previously stumbled over the portion of the sidewalk where Raj tripped. Raj argues that the type of building, the type of individuals who would use this sidewalk, the fact that the sidewalk connects two medical buildings, and the fact that others have stumbled upon the same area are all attendant circumstances that render the defect substantial. She further cites to the facts that she was unfamiliar with the area and that she fell hard and sustained serious injuries.
{¶ 16} Raj asserts that there is genuine issue of material fact as to whether the attendant circumstances render the minor deviation a substantial defect because the sidewalk connects two portions of a medical facility and that "[t]he type of individuals that tend to visit medical buildings are elderly, sick, or non-ambulatory." However, this argument fails to address how the attendant circumstance of this case
render the defect substantial, and, instead, focuses on the premises itself. Raj would have us hold that a minor defect in a sidewalk rises to the level of a substantial defect based solely upon the type of premises involved and upon an analysis of particular traits or types of invitees and their resulting injuries. This we decline to do.
{¶ 17} The circumstances in this case cited by Raj do not create a genuine issue of material fact for the trier of fact to resolve. The facts cited by Raj, i.e., that she was unfamiliar with the area, that MedPoint is a medical facility and the portion of the sidewalk upon which she stumbled connected two medical areas, that a MedPoint employee stumbled there previously, and that Raj sustained serious injuries, are not the type of attendant circumstances which would render the minor defect in the sidewalk substantial. Accordingly, there are no genuine issues of material fact to resolve, and Burkhardt is entitled to judgment as a matter of law.
{¶ 18} The trial court did not err in granting Burkhardt's motion for summary judgment on the basis that the two-inch rule precludes liability. Having found that summary judgment was properly granted on this basis, we need not address Raj's remaining arguments. Raj's sole assignment of error is overruled.
 III.
{¶ 19} The sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, J. and BATCHELDER, J. CONCUR.