[Cite as *Boyd v. Columbiana Foods, Inc.*, 2022-Ohio-436.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

JAMES BOYD, et al.,

      Plaintiffs-Appellants,

  - v -

COLUMBIANA FOODS, INC.
d.b.a. GIANT EAGLE, et al.,

      Defendant-Appellee.

CASE NO. 2021-T-0028

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00366

**O P I N I O N**

Decided: February 14, 2022
Judgment: Affirmed

*Gregg A. Rossi* and *James N. Melfi*, Rossi & Rossi v Co., 26 Market Street, Suite 802, P.O. Box 6045, Youngstown, OH 44501 (For Plaintiffs-Appellants).

*Marc N. Chenowith*, The Cincinnati Insurance Company, 50 South Main Street, Suite 615, Akron, OH 44308 (For Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellants, James and Diana Boyd, appeal the trial court's decision granting summary judgment in favor of appellee, Columbiana Foods, Inc. dba Giant Eagle ("Columbiana Foods"). Finding no reversible error, we affirm.

{¶2} In October 2018, James Boyd was a patron at the Giant Eagle grocery store that appellee operated at 4700 Belmont Avenue. While in the store, Boyd slipped and fell on a piece of lettuce, causing injury to his ankle. Boyd and his wife, Diana, sued Columbiana Foods for negligence on March 10, 2020. Columbiana Foods filed its answer on March 26, 2020, and denied that it breached a duty to Boyd.

{¶3} On March 19, 2021, Columbiana Foods filed a motion for summary judgment. Boyd timely filed his response, and Columbiana Foods timely filed a reply. The lower court granted Columbiana Foods' Motion for Summary Judgment on June 3, 2021, because Boyd had not "provided evidence that any of defendant's employees had actual knowledge of the piece of lettuce on the ground and neglected to remove it promptly or otherwise warn against it. Nor has Plaintiff provided any evidence that the danger existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Further, the court found that the hazard was open and obvious and "serves as a complete bar" to Boyd's claim. Boyd timely filed this appeal with three assignments of error.

{¶4} We review de novo a trial court's order granting summary judgment. *Hapgood v. Conrad,* 11th Dist. Trumbull No.2000–T–0058, 2002–Ohio–3363, ¶ 13, citing *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 715 N.E.2d 1179 (7th Dist.1998). "We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C)." *Allen v. 5125 Peno, LLC*, 11th Dist. Trumbull No. 2016-T-0120, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 6, citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶5} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and it is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue

2

of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

{¶6} To establish an actionable claim for negligence, one must establish: (1) the defendant owed a duty to plaintiff; (2) the defendant breached that duty; (3) the defendant's breach of duty proximately caused plaintiff's injury; and (4) plaintiff suffered damages. *Frano v. Red Robin Int'l., Inc.,* 181 Ohio App.3d 13, 2009–Ohio–685, 907 N.E.2d 796, ¶ 17 (11th Dist.), citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998). For summary judgment purposes, a "material fact" is dependent upon the type of claim. *Peno, supra,* at ¶ 7, citing *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶7} Boyd was a business invitee at the time he fell. As a business invitee, Columbiana Foods owed Boyd "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985), citing *Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 90 N.E.2d 694 (1950). Storeowners have a duty to protect customers through the exercise of ordinary care by maintaining the premises in a safe condition. *Kornowski v. Chester Props., Inc.*, 11th Dist. Geauga No. 99–G–2221, 2000 WL 895594. *3 (June 30, 2000). "This duty includes warning invitees of latent defects of which the owner has actual or

3

constructive knowledge." *Id.; Brymer v. Giant Eagle, Inc.*, 11th Dist. Lake No. 2010-L-134, 2011-Ohio-4022, ¶ 10.

{¶8} When a business invitee slips because of a foreign substance on the floor of the business, the plaintiff has the burden to prove one of the following three conditions to recover: (a) the defendant was responsible for the substance being on the floor; (b) the defendant had knowledge that the substance was on the floor and did not warn against it or remove it; or (c) the substance was on the floor for a sufficient period of time that the defendant should have known about it. *Peno, supra*, at ¶ 12; *Brymer, supra*, at ¶ 14.

{¶9} Appellant's first assignment of error states:

{¶10} "[1.] Defendant/Appellee should have been charged with constructive notice of the hazardous condition due to the fact that the piece of brown trampled lettuce slipped on by Plaintiff/Appellant was twenty-five (25) to thirty (30) feet away from the case in which it is displayed at the time where seven (7) employees would be in the produce department on one of the highest traffic days of the week."

{¶11} In this assignment of error, Boyd has not alleged that Columbiana Foods was responsible for the lettuce on the floor or that it had actual knowledge of the lettuce being on the floor and failed to remove it. Boyd argues that Columbiana Foods is liable because the circumstances surrounding the piece of lettuce on the floor justify the inference that Columbiana Foods failed to exercise ordinary care to remove the danger.

{¶12} Boyd entered the store to purchase two or three potatoes and walked 25-30 feet into the produce department located in the front of the store. Boyd saw a sign indicating it would be cheaper to buy bagged potatoes rather than loose and he turned

4

around to retrieve a cart from the front of the store. Upon doing so, Boyd walked approximately ten feet back toward the entrance of the store and slipped and fell.

{¶13} Boyd testified in his deposition that "I just slipped on something and went down. And I looked and seen it was a piece of lettuce." He said that the floor was not wet, and he had to have slipped on the lettuce "because nothing else was there." Boyd did not see the piece of lettuce on the floor prior to his fall and testified he was looking straight ahead rather than at the floor when he fell. He did not have a cart, was not carrying anything, and nothing blocked his view of the lettuce on the floor. He testified that the store was "very light" and had "good lighting." He said if he had looked down, he would have seen the lettuce on the floor.

{¶14} Boyd said that he did not know if any employees knew that the lettuce was on the floor, how the lettuce came to be on the floor, or how long it had been on the floor before he slipped on it. Boyd had shopped regularly at the store once or twice per week for approximately two years prior to the fall and continued to shop at the store with the same frequency after his injury. He said that he had never noticed any food or debris on the floor in any of his other visits to the store.

{¶15} According to the deposition testimony of store manager Scott Renzenbrink, the lettuce that Boyd slipped on was approximately four inches long and was a type of loose-leaf lettuce found in a self-serve display case located 25-30 feet away from where Boyd slipped. Renzenbrink testified that on the day of Boyd's fall, there were four or five employees dedicated to the produce section of the store where the fall occurred. He said that Columbiana Foods trains employees in the store's "see it, own it" policy which

5

encourages employees to proactively look for spills or debris on the floor. He further testified that a safety team meeting training had occurred one week prior to the fall.

{¶16} Boyd argues that summary judgment was inappropriate because reasonable minds could differ as to Columbiana Foods' constructive knowledge of the foreign substance on the floor. Boyd states that a trier of fact could reasonably infer that Columbiana Foods had constructive notice of the piece of lettuce on the floor based on several factors: (1) the location of the lettuce 25-30 feet from the display where it was stored; (2) the condition of the piece of lettuce itself; (3) the number of employees working in the produce department; and (4) the high foot traffic volume on the second busiest business day of the week for the store.

{¶17} Constructive notice in premises liability requires direct or circumstantial evidence that in the exercise of ordinary care, the store had or should have had notice of the hazard due to the length of time the hazard was on the floor. *Brymer,* 2011-Ohio-4022, at ¶ 20. To demonstrate constructive notice, the plaintiff must show that the hazard existed for a sufficient length of time to reasonably "'justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Day v. Finast Supermarkets*, 11th Dist. Trumbull No. 97-T-0229, 1999 WL 315395 at *3 (May 14, 1999).

{¶18} In *Brymer*, this court declined to impute constructive notice when an invitee slipped on a piece of wax paper on the floor. This court determined that plaintiff's specific allegations did not "relate to whether Giant Eagle's employees placed the wax paper on the floor; whether Giant Eagle had actual notice of the wax paper's presence on the floor; or whether the wax paper was on the floor long enough for the store to have constructive notice of its presence." *Id.* at ¶ 26.

6

{¶19}  In *Finast*, the plaintiff slipped on a cabbage leaf in the produce department and fell. *Id.* at *1. This court affirmed summary judgment in favor of the store because plaintiff was unable to provide any evidence to satisfy her burden of proof "that the substance on the floor had been there for a sufficient length of time to establish constructive notice." *Id.* at *2.

{¶20}  In this case, Boyd's allegations as to the location of the lettuce, the condition of the piece of lettuce, and the other factors do not satisfy his burden to establish a question of fact on the question of how long the piece of lettuce had been on the floor and whether it was long enough for Columbiana Foods to have constructive notice of its presence. The location of the lettuce 25-30 feet away does not indicate the length of time the lettuce was on the floor. Boyd insists that the location of the lettuce indicates that the piece traveled 25-30 feet away from its original location over a significant period of time. However, it is just as possible that the lettuce was dropped directly on the floor at that location. With nothing in the record to indicate either possibility, Boyd asks the court to presume that the lettuce traveled over time rather than being dropped directly at its final location. This theory relies on inference stacking and will not withstand a motion for summary judgment. *Peno, supra*, at ¶ 58, citing *Hughes v. Kroger Co.*, 12th Dist. Clermont No. CA2005-10-099, 2006-Ohio-879, 2006 WL 456817, ¶ 7. ("'[N]egligence is a fact necessary to be shown; it will not be presumed.' *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 388, 92 N.E.2d 9 [1950]. A negligence claim based on conjecture, speculation, or the stacking of inference upon inference cannot succeed. *Id.*")

{¶21}  Boyd's other claims are similarly without support in the record. Without evidence of the length of time the lettuce was on the floor, it is impossible to make an

7

inference favorable to Boyd that the lettuce had been on the floor for a sufficient length of time for the employers to discover and remove the hazard. In the same way, the high volume of foot traffic does not support an inference as to the length of time the lettuce was on the floor. Finally, the trampled condition of the lettuce does not support an inference as to how long it had been on the floor. This is because Boyd himself stepped on the lettuce and did not see it until after he himself trampled upon it. He cannot testify whether the lettuce appeared trampled and brown prior to him stepping on it. No testimony ever characterized the lettuce as trampled, rather, that is the characterization made by Boyd's counsel in the merit brief.

{¶22} As the moving party, Columbiana Foods satisfied its initial burden of identifying the portions of the record demonstrating the absence of a genuine issue of fact on Boyd's negligence claims. Although Boyd produced evidence that he slipped on the piece of lettuce, he failed to establish how long the lettuce had been on the floor prior to his fall. In this case, Boyd has provided "'no evidence as to how long the [substance] existed on the tile floor before appellant fell. Such evidence is necessary to support an inference that appellees breached a duty of ordinary care to invitees, and the absence of such evidence is fatal to appellant's claim.'" *Peno, supra*, at ¶ 64, quoting *Caravella v. W.–WHI Columbus Northwest Partners*, 10th Dist. Franklin No. 05AP-499, 2005-Ohio-6762, 2005 WL 3484604, ¶ 25.

{¶23} Accordingly, Appellant's first assignment of error is without merit.

{¶24} Appellant's second assignment of error states:

Case No. 2021-T-0028

{¶25} "[2.] The Trial Court erred in finding that the piece of brown trampled-on lettuce twenty-five (25) to thirty (30) feet from where it is displayed and near or under the edge of an end cap in the next aisle over was open and obvious."

{¶26} In this assignment, Boyd argues that the attendant circumstances doctrine applies in this matter and that it is a question of fact whether his attention was distracted and thus prevented him from perceiving the danger.

{¶27} The open and obvious doctrine in premises liability is a question of duty. "When applicable, the open and obvious doctrine abrogates the duty to warn and completely precludes negligence claims." *Hudspath*, 2005-Ohio-6911, at ¶ 18, citing *Hobart v. City of Newton Falls,* 11th Dist. Trumbull No.2002-T-0122, 2003-Ohio-5004, ¶ 10. No duty is owed to an invitee "against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Cash v. Thomas & King, Ltd.*, 11th Dist. Trumbull No. 2015-T-0030, 2016-Ohio-175, ¶ 20, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus; *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus.

{¶28} The open and obvious test:

> properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.

*Armstrong,* at ¶ 13; *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, 2012 WL 4862366, ¶ 15. "A finding that the open and obvious doctrine applies would, by itself, warrant a grant of summary judgment since it negates any duty

9

owed by the defendant." *Hamrock v. Ams*, 11th Dist. No. 2019-T-0032, 2020-Ohio-1335, 153 N.E.3d 506, ¶ 24. "For the open-and-obvious doctrine to apply, a hazardous condition need not be observed but only observable." *Fabian v. May*, 11th Dist. Trumbull No. 2020-T-0071, 2021-Ohio-2882, ¶ 20 citing *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2019-Ohio-2440, 139 N.E.3d 491, ¶ 16 (8th Dist.).

{¶29} Boyd asserts that an attendant circumstance in his case creates an issue of fact. The doctrine of attendant circumstances negates the open and obvious rule under certain circumstances. *Furano v. Sunrise Inn of Warren, Inc.*, 11th Dist. Trumbull No. 2008-T-0132, 2009-Ohio-3150, ¶ 23. Under the attendant circumstances doctrine, the question of an open and obvious danger cannot be decided as a matter of law merely because the hazard may have been visible. *Id.* This is because an attendant circumstance may be one that would distract the attention of an individual and reduce the amount of care an ordinary person would exercise. *Id.* at ¶ 24. "'The attendant circumstances must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall.' *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2nd Dist. 1994). (Citations omitted)" *Id.* "In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event." *Hudspath*, 2005-Ohio-6911, at ¶ 19, citing *Menke v. Beerman,*12th Dist. No. CA97–09–182, 1998 Ohio App. LEXIS 868, *2–3 (Mar. 9, 1998).

{¶30} In this case, Boyd failed to raise the attendant circumstances argument in the lower court. "It is a well established rule of appellate review that a court will not consider issues that an appellant fails to raise initially at the trial court." *Warmuth v.*

10

*Sailors,* 11th Dist. Lake No. 2007-L-198, 2008-Ohio-3065, at ¶ 36. Had he done so, the attendant circumstances doctrine would not apply to the facts here.

{¶31} Boyd argues that Columbiana Foods' use of displays, endcaps, and merchandise would distract patrons from otherwise open and obvious dangers. This argument does not comport with the evidence in this case because Boyd himself testified that when he fell, the store was bright, well-lit and well maintained, nothing was blocking his view, he was not carrying anything or pushing a cart that would make it difficult for him to see the lettuce on the floor, he was looking straight ahead rather than at displays or merchandise, and that if he had looked down, he would have seen the lettuce. We agree with the trial court that the piece of lettuce was an open and obvious hazard. Boyd has not demonstrated any evidence of attendant circumstances that would distract him from the otherwise open and obvious hazard.

{¶32} Accordingly, appellant's second assignment of error is without merit.

{¶33} Appellant's third assignment of error states:

{¶34} "[3.] The Trial Court failed to address Plaintiffs/Appellants' mode of operation theory established in other jurisdictions as an alternate view to liability due to the fact that Defendant/Appellant Columbiana Foods, Inc. was in the best position to discover and prevent the defect."

{¶35} In this assignment, Boyd requests that the court adopt the so-called mode of operation theory which some jurisdictions outside of Ohio have adopted in premises liability cases. The mode of operation theory is a burden shifting theory. Under this approach, if the plaintiff proves injury as a result of a hazard or foreign substance in a self-service store, "a rebuttable presumption of negligence arises." *Stanton v. Marc's*

*Store*, 7th Dist. Mahoning No. 15 MA 49, 2015-Ohio-5551, ¶ 32. Then, "the burden shifts to the defendant to show by the greater weight of evidence that it exercised reasonable care to maintain the premises under the circumstances." *Id.*

{¶36} Boyd would have us apply this approach, which would require us to alter or eliminate Ohio law requiring the plaintiff to establish constructive notice in premises liability slip and fall cases. We decline to do so. The mode of operation theory or a variation of a burden shifting approach, has been criticized for treating the store owner as the insurer of patron safety. *Id.* at ¶ 33. Further, eliminating the requirement that the invitee prove how long the foreign substance had been on the floor "is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury." *Id.* Thus, without "'time on the floor' evidence, the storekeeper would be potentially liable even though there is no way of telling whether there was anything [the storekeeper] could have done that would have avoided the injury. *Maans v. Giant of Maryland, L.L.C.,* 161 Md.App. 620, 640, 871 A.2d 627 (2005) (rejecting the proposition that a jury can infer constructive notice from an alleged failure to conduct reasonable inspections)." *Id.*

{¶37} In *Stanton* as well as *Miranda v. Meijer Stores, L.P.,* 2d Dist. No. 23334, 2009–Ohio–6695, the Seventh and Second District Courts of Appeals declined to adopt the mode of operation theory. In both cases, the issue had not been properly raised in the trial court. *See Id.* at ¶ 35-36. In this case, Boyd properly raised the issue below and effectively preserved it for appeal. However, we find the Seventh District's reasoning on the mode of operation theory sound and persuasive. Ohio follows the traditional premises

12

Case No. 2021-T-0028

liability approach which is based upon well-established precedent. We decline to eliminate this precedent and adopt a new approach. *Stanton* at ¶ 35-36; *Miranda* at ¶ 15.

{¶38} Accordingly, appellant's third assignment of error is without merit.

{¶39} For the forgoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2021-T-0028